**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**VILLAGE AT THE BEVERLY, LLC** **PLAINTIFF**

**V.** **CAUSE NO.: 2:19-cv-55-KS-MTP**

**EMPIRE CORPORATION OF TENNESSEE, INC.;**
**LRK, INC. AND MICHAEL T. SULLIVAN** **DEFENDANTS**

---

**EMPIRE CORPORATION OF TENNESSEE, INC.** **THIRD-PARTY PLAINTIFF**

**V.**

**NV CONSTRUCTION LLC, BIGFORD ENTERPRISES, INC., LOAN OAK CONSTRUCTION AND DEVELOPMENT, INC. AND SUPERIOR INSULATION OF THE GULF COAST, LLC** **THIRD-PARTY DEFENDANTS**

---

**DEFENDANT EMPIRE CORPORATION OF TENNESSEE, INC.'S AMENDED ANSWER AND DEFENSES TO COMPLAINT AND THIRD PARTY COMPLAINT**

**COMES NOW** the Defendant, Empire Corporation of Tennessee, Inc. ("Defendant"), by and through its attorneys of record, and without waiving any defenses herein, files this its Amended Answer and Defenses to the *Complaint* (hereinafter "Complaint") served upon it, and, in support thereof, would show unto the Court the following:

**FIRST DEFENSE**

The *Complaint*, in whole or in part, fails to state a claim upon which relief may be granted, and the Defendant moves for a dismissal pursuant to Rule 12(b)(6) of the *Mississippi Rules of Civil Procedure*. The Defendant further asserts any and all defenses under Rule 12(b) of the *Mississippi Rules of Civil Procedure*, including: lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, and failure to join a party under Rule 19.

## SECOND DEFENSE

**AND NOW**, without waiving the above defense, the Defendant would answer and plead with respect to each numbered paragraph of the Plaintiff's *Complaint* as follows:

## PARTIES

1. Paragraph Number 1 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required.

2. To the best of its knowledge and belief, Defendant admits the allegations contained in Paragraph Number 2 of the Plaintiff's *Complaint*.

3. Paragraph Number 3 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required.

4. Paragraph Number 4 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required.

## JURISDICTION AND VENUE

5. Paragraph Number 5 of the Plaintiff's *Complaint* contains statements of law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

6. Paragraph Number 6 of the Plaintiff's *Complaint* contains statements of law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

7. Paragraph Number 7 of the Plaintiff's *Complaint* contains statements of law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

## FACTS

8. The Defendant denies the allegations contained in Paragraph Number 8 of the Plaintiff's *Complaint* as stated, and demands strict proof thereof.

9. To the best of its knowledge and belief, Defendant admits the allegations contained in Paragraph Number 9 of the Plaintiff's *Complaint*.

10. Paragraph Number 10 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

11. Paragraph Number 11 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

12. Paragraph Number 12 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

13. Paragraph Number 13 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

14. Paragraph Number 14 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

15. Paragraph Number 15 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

16. To the best of its knowledge and belief, Defendant admits the allegations contained in Paragraph Number 16 of the Plaintiff's *Complaint*.

17. The Defendant denies the allegations contained in Paragraph Number 17 of the Plaintiff's *Complaint* as stated, and demands strict proof thereof.

18. To the best of its knowledge and belief, Defendant admits the allegations contained in Paragraph Number 18 of the Plaintiff's *Complaint*.

19. The Defendant denies the allegations contained in Paragraph Number 19 of the Plaintiff's *Complaint* and demands strict proof thereof.

20. The Defendant denies the allegations contained in Paragraph Number 20 of the Plaintiff's *Complaint* and demands strict proof thereof.

21. The Defendant denies the allegations contained in Paragraph Number 21 of the Plaintiff's *Complaint* and demands strict proof thereof.

22. The Defendant denies the allegations contained in Paragraph Number 22 of the Plaintiff's *Complaint* and demands strict proof thereof.

23. The Defendant denies the allegations contained in Paragraph Number 23 of the Plaintiff's *Complaint* and demands strict proof thereof.

24. The Defendant denies the allegations contained in Paragraph Number 24 of the Plaintiff's *Complaint* and demands strict proof thereof.

25. The Defendant denies the allegations contained in Paragraph Number 25 of the Plaintiff's *Complaint* as stated, and demands strict proof thereof.

26. Paragraph Number 26 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

27. The Defendant denies the allegations contained in Paragraph Number 27 of the Plaintiff's *Complaint* as stated, and demands strict proof thereof.

28. Paragraph Number 28 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

29. Paragraph Number 29 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

30. The Defendant denies the allegations contained in Paragraph Number 30 of the Plaintiff's *Complaint* and demands strict proof thereof.

31. The Defendant denies the allegations contained in Paragraph Number 31 of the Plaintiff's *Complaint* as stated, and demands strict proof thereof.

32. The Defendant denies the allegations contained in Paragraph Number 32 of the Plaintiff's *Complaint* as stated, and demands strict proof thereof.

33. The Defendant denies the allegations contained in Paragraph Number 33 of the Plaintiff's *Complaint* as stated, and demands strict proof thereof.

34. The Defendant denies the allegations contained in Paragraph Number 34 of the Plaintiff's *Complaint* and demands strict proof thereof.

35. The Defendant denies the allegations contained in Paragraph Number 35 of the Plaintiff's *Complaint* and demands strict proof thereof.

36. The Defendant denies the allegations contained in Paragraph Number 36 of the Plaintiff's *Complaint* and demands strict proof thereof.

## COUNT I
## MOTION TO STAY LITIGATION AND COMPEL ARBITRATION
## (Empire, LRK, & Sullivan)

37. This Defendant realleges and incorporates herein by reference all of the previous responses, defenses and/or allegations set forth in the above and/or foregoing paragraphs and, further, denies any liability in the premises whatsoever.

38. To the best of its knowledge and belief, Defendant admits the allegations contained in Paragraph Number 38 of the Plaintiff's *Complaint*.

39. Paragraph Number 39 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

40. Paragraph Number 40 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

41. To the best of its knowledge and belief, Defendant admits the allegations contained in Paragraph Number 41 of the Plaintiff's *Complaint*.

42. The Defendant denies the allegations contained in Paragraph Number 42 of the Plaintiff's *Complaint* as stated, and demands strict proof thereof.

43. To the best of its knowledge and belief, Defendant admits the allegations contained in Paragraph Number 43 of the Plaintiff's *Complaint*.

44. Paragraph Number 44 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

45. Paragraph Number 45 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

46. The Defendant denies the allegations contained in Paragraph Number 48 of the Plaintiff's *Complaint* as stated, and demands strict proof thereof.

47. Paragraph Number 47 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

48. Paragraph Number 48 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response

is required, the allegations are denied.

**COUNT II**
**BREACH OF CONTRACT**
**(Empire, LRK, & Sullivan)**

49. This Defendant realleges and incorporates herein by reference all of the previous responses, defenses and/or allegations set forth in the above and/or foregoing paragraphs and, further, denies any liability in the premises whatsoever.

50. The Defendant denies the allegations contained in Paragraph Number 50 of the Plaintiff's *Complaint* as stated, and demands strict proof thereof.

51. The Defendant denies the allegations contained in Paragraph Number 51 of the Plaintiff's *Complaint* as stated, and demands strict proof thereof.

52. Other than to admit any duties imposed on it by law, Defendant denies the remaining allegations contained in Paragraph Number 52 of the Plaintiff's *Complaint* as stated, and demands strict proof thereof.

53. The Defendant denies the allegations contained in Paragraph Number 53 of the Plaintiff's *Complaint* and demands strict proof thereof.

54. The Defendant denies the allegations contained in Paragraph Number 54 of the Plaintiff's *Complaint* as stated, and demands strict proof thereof.

55. The Defendant denies the allegations contained in Paragraph Number 55 of the Plaintiff's *Complaint* as stated, and demands strict proof thereof.

56. The Defendant denies the allegations contained in Paragraph Number 56 of the Plaintiff's *Complaint* and demands strict proof thereof.

57. Number 57 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

58. Number 58 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

59. Number 59 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

60. Number 60 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

61. Number 61 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

62. Number 62 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

63. Number 63 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

64. Number 64 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

65. Number 65 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

66. Number 66 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

**COUNT III**
**NEGLIGENCE/DEFECTIVE WORKMANSHIP**
**(Empire, LRK, & Sullivan)**

67. This Defendant realleges and incorporates herein by reference all of the previous responses, defenses and/or allegations set forth in the above and/or foregoing paragraphs and, further, denies any liability in the premises whatsoever.

68. Other than to admit any duties imposed on it by law, Defendant denies the remaining allegations contained in Paragraph Number 68 of the Plaintiff's *Complaint* as stated, and demands strict proof thereof.

69. Number 69 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

70. Number 70 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

71. The Defendant denies the allegations contained in Paragraph Number 71 of the Plaintiff's *Complaint* and demands strict proof thereof.

72. Number 72 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

73. The Defendant denies the allegations contained in Paragraph Number 73 of the Plaintiff's *Complaint* and demands strict proof thereof.

**COUNT IV**
**VICARIOUS LIABILITY**
**(LRK)**

74. This Defendant realleges and incorporates herein by reference all of the previous responses, defenses and/or allegations set forth in the above and/or foregoing paragraphs and, further, denies any liability in the premises whatsoever.

75. Number 75 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

76. Number 76 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

77. Number 77 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

**COUNT V**
**UNJUST ENRICHMENT**
**(LRK)**

78. This Defendant realleges and incorporates herein by reference all of the previous responses, defenses and/or allegations set forth in the above and/or foregoing paragraphs and, further, denies any liability in the premises whatsoever.

79. Number 79 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

80. Number 80 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

81. Number 81 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

82. Number 82 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

83. Number 83 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

**COUNT VI**
**BREACH OF THE NEW HOME WARRANTY ACT**
**(Empire)**

84. This Defendant realleges and incorporates herein by reference all of the previous responses, defenses and/or allegations set forth in the above and/or foregoing paragraphs and, further, denies any liability in the premises whatsoever.

85. Number 85 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

86. Number 86 of the Plaintiff's *Complaint* contains no specific allegations against the Defendant and, therefore, no response is required. To the extent a response is required, the allegations are denied.

87. The Defendant denies the allegations contained in Paragraph Number 87 of the Plaintiff's *Complaint* and demands strict proof thereof.

88. The Defendant denies the allegations contained in Paragraph Number 88 of the Plaintiff's *Complaint* as stated, and demands strict proof thereof.

89. The Defendant denies the allegations contained in Paragraph Number 89 of the Plaintiff's *Complaint* and demands strict proof thereof.

**COUNT VII**
**BREACH OF EXPRESS WARRANTY**
**(Empire)**

90. This Defendant realleges and incorporates herein by reference all of the previous responses, defenses and/or allegations set forth in the above and/or foregoing paragraphs and, further, denies any liability in the premises whatsoever.

91. Other than to admit any duties imposed on it by law, Defendant denies the remaining allegations contained in Paragraph Number 91 of the Plaintiff's *Complaint* as stated, and demands strict proof thereof.

92. The Defendant denies the allegations contained in Paragraph Number 89 of the Plaintiff's *Complaint* and demands strict proof thereof.

93. The Defendant denies the allegations contained in Paragraph Number 89 of the Plaintiff's *Complaint* and demands strict proof thereof.

**COUNT VIII**
**BREACH OF IMPLIED WARRANTY OF HABITABILITY AND WORKMANSHIP**
**(Empire)**

94. This Defendant realleges and incorporates herein by reference all of the previous responses, defenses and/or allegations set forth in the above and/or foregoing paragraphs and, further, denies any liability in the premises whatsoever.

95. Other than to admit any duties imposed on it by law, Defendant denies the remaining allegations contained in Paragraph Number 95 of the Plaintiff's *Complaint* as stated, and demands strict proof thereof.

96. The Defendant denies the allegations contained in Paragraph Number 96 of the Plaintiff's *Complaint* and demands strict proof thereof.

97. The Defendant denies the allegations contained in Paragraph Number 97 of the Plaintiff's *Complaint* and demands strict proof thereof.

**COUNT IX**
**SPECIFIC PERFORMANCE**
**(Empire, LRK, & Sullivan)**

98. This Defendant realleges and incorporates herein by reference all of the previous responses, defenses and/or allegations set forth in the above and/or foregoing paragraphs and, further, denies any liability in the premises whatsoever.

99. The Defendant denies the allegations contained in Paragraph Number 99 of the Plaintiff's *Complaint* as stated, and demands strict proof thereof.

100. The Defendant denies the allegations contained in Paragraph Number 100 of the Plaintiff's *Complaint* as stated, and demands strict proof thereof.

101. The Defendant denies the allegations contained in Paragraph Number 101 of the Plaintiff's *Complaint* and demands strict proof thereof.

102. The Defendant denies the allegations contained in Paragraph Number 102 of the Plaintiff's *Complaint* and demands strict proof thereof.

**DEMAND FOR JUDGMENT**

The Defendant would deny any and all allegations contained in the unnumbered paragraph beginning with WHEREFORE, PREMISES CONSIDERED, including subparagraphs (A.) through (D.) and would further deny that the Plaintiff is entitled to any judgment or recovery in any amount whatsoever.

**THIRD DEFENSE**

This Defendant would deny all allegations not specifically answered herein, and demand that this action be dismissed against him with all costs assessed against the Plaintiff herein.

**AND NOW**, having fully answered each and every allegation contained in the Plaintiff's *Complaint* wherein the Plaintiff attempts to assert liability against this Defendant, and having

denied any liability whatsoever in this matter, Defendant would assert the following Affirmative Defenses:

**FIRST AFFIRMATIVE DEFENSE**

The facts not having been fully developed, this Defendant affirmatively pleads the following Affirmative Defenses as may be applicable in this action: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, waiver, ratification, duress, estoppel, failure of consideration, laches, license, payment, release, res judicata, collateral estoppel, statute of frauds, waiver, statute of limitations, exclusivity under worker's compensation, inadequate notice, setoff, statute of limitations and/or repose, or any other matter constituting an avoidance or affirmative defense.

**SECOND AFFIRMATIVE DEFENSE**

Any injury and/or damage allegedly sustained by the Plaintiff was a direct and proximate result of intervening and superseding actions and not of this Defendant. Such intervening and superseding actions bar recovery herein on behalf of the Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

The Defendant reserves any and all legal and/or contractual rights of indemnification or contribution it may have against any person or entity including all rights it may have pursuant to Miss.R.Civ.P. 14.

**FOURTH AFFIRMATIVE DEFENSE**

This Defendant invokes the provisions of §§ 11-7-15 and 85-5-7 of the *Miss. Code Ann.* with respect to any applicable limitations of liability and apportionment of fault.

**FIFTH AFFIRMATIVE DEFENSE**

Damages suffered by the Plaintiff, if any, are the proximate result of the negligence of other individuals not within the control of this Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be preempted in whole or in part by federal and/or state statutes and/or regulations.

**SEVENTH AFFIRMATIVE DEFENSE**

The injuries or damages sustained by Plaintiff, if any, can be attributed to several causes and accordingly should be apportioned among the various causes according to the respective contribution of each such cause to the harm sustained, if any.

**EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiff has failed to join an indispensable party in this action and, therefore, the lawsuit should be dismissed under the authority of Rule 12(b)(7) of the MISSISSIPPI RULES OF CIVIL PROCEDURE as the party which has not been joined is needed for just adjudication as defined by Rule 19 of the MISSISSIPPI RULES OF CIVIL PROCEDURE.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover any actual, compensatory, contractual, exemplary and/or punitive damages in this cause and this Defendant specifically requests a judgment be entered in favor of this Defendant.

**TENTH AFFIRMATIVE DEFENSE**

This Defendant avers that, if the evidence establishes any comparative negligence of the Plaintiff, if any, which may have contributed resulting injuries and damages to the Plaintiff, then any verdict or judgment to the Plaintiff would be reduced in proportion thereto.

**ELEVENTH AFFIRMATIVE DEFENSE**

That this Court should sever or bifurcate any punitive damages issues, if applicable, pursuant to MISS. CODE ANN. §11-1-65.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by its failure to mitigate the damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Any verdict or judgment rendered against this Defendant must be reduced under the Laws of the State of Mississippi by those amounts which have, or will, with reasonable certainty, replace or indemnify Plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

**FOURTEENTH AFFIRMATIVE DEFENSE**

This Defendant invokes the provisions of § 11-1-60 of the Miss. Code Ann. With respect to any applicable limitation of damages, if liability is found against the Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

This Defendant denies that Plaintiff was injured to the nature and extent claimed and demands strict proof thereof.

**SIXTEENTH AFFIRMATIVE DEFENSE**

This Defendant affirmatively pleads that claims in this lawsuit may be barred by alteration, spoliation, and/or modification of the claims at issue.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

This Defendant would show that its work was performed in a workmanlike manner, in conformity with industry standards, and without defect or negligence.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

This Defendant would assert that by filing the subject Answer and Third-Party Complaint, this Defendant is not waiving its right to participate in any Arbitration proceedings. Specifically, Defendant pleads the applicability of the Federal Arbitration Act, 9 U.S.C. § 1, et. *seq*. To any and

all claims made against it that fall within any arbitration provision applicable to the transactions at issue in this case.

**NINETEENTH AFFIRMATIVE DEFENSE**

This Defendant hereby adopts and incorporates any applicable affirmative defenses which have been, or may be asserted by other Defendants in this action.

**RESERVATION OF DEFENSES**

Due to the fact that the discovery process has not yet begun, this Defendant is without knowledge or information sufficient to form a belief at this time as to whether other affirmative defenses may apply in this cause of action. However, contingent on the facts revealed by investigation, the Defendant expressly reserves its right to raise any additional affirmative defenses which may be applicable in this matter.

**THIRD PARTY COMPLAINT**

COMES NOW, Defendant/Third-Party Plaintiff Empire Corporation of Tennessee, Inc. ("Empire"), by and through undersigned counsel and pursuant to Rule 14 of the Mississippi Rules of Civil Procedure, files this Third-Party Complaint against NV Construction LLC, Bigford Enterprises, Inc., Loan Oak Construction and Development, Inc. and Superior Insulation of the Gulf Coast, LLC (collectively "Third-Party Defendants"), and in support thereof, would show as follows:

**PARTIES**

1. Empire is a corporation organized under Tennessee law.

2. NV Construction LLC is a limited liability company formed under Virginia law with a principal office at 2110 Snead Avenue Colonial Heights, VA 23834. NV Construction can be served through its registered agent, Michael L. Norris, at 10019 Chamberlayne Road, Mechanicsville, VA 23116, or wherever he may be found.

3. Bigford Enterprises, Inc. is a corporation formed under North Carolina law with a principal office at 711 N Central Avenue Locust, NC 28097-7134. Bigford Enterprises can be served through its registered agent, Danny Bigford, at the same address, or wherever he may be found.

4. Loan Oak Construction and Development, Inc. is a corporation formed under Mississippi law with its principal office located in Ridgeland, MS. Loan Oak Construction can be served through its registered agent, J. Clint Sumrall, at 125 East Ford Street, Ridgeland, MS 39158, or wherever he may be found.

5. Superior Insulation of the Gulf Coast, LLC is a limited liability company formed under Mississippi law with a principal office at 14410 Creosote Road, Suite B, Gulfport, MS 39503. Superior Insulation can be served through its registered agent, Jay K. Jordan, at 2355 Pass Road, Biloxi, MS 39531, or wherever he may be found.

**JURISDICTION AND VENUE**

6. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332 as the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1367 as supplemental jurisdiction exists as to certain parties as the claims are part of the same case or controversy.

8. Venue is proper is this District because the conduct alleged in this Complaint occurred within this District.

**FACTS**

9. Empire files this Third-Party Complaint out of necessity due to claims made by the Plaintiff against Empire in connection with certain construction work performed in 2015 and 2016 on the Plaintiff's business property located at 15 Old Airport Road in Hattiesburg, MS. Empire denies that it is liable to the Plaintiff for any damages or amounts whatsoever. Empire however asserts that, if it is held liable to the Plaintiff for any claim pled in the Plaintiff's Complaint, then NV

Construction LLC and Bigford Enterprises, Inc. are in turn liable to Empire for all or part of the Plaintiff's claims.

10. The Plaintiff in this action, Village at the Beverly Enterprises, LLC, has raised claims against Empire regarding alleged defects with construction work performed on the Property. The Plaintiff claims that Empire is responsible for such alleged defects. Plaintiff's Complaint seeks damages from Empire pertaining to remediation work on the Property.

11. Specifically, Plaintiff alleges that paint is peeling and cracking on various portions of the subject Property. On information and belief, the alleged defective painting work on the property was performed by NV Construction, as the sub-contractor to Empire.

12. Plaintiff also alleges that certain exterior walls and ceilings are defective and not in accordance with the design plans and specifications. On information and belief, the alleged defective frame work on the property was performed by Bigford Enterprises, as the sub-contractor to Empire.

13. Additionally, Plaintiff alleges that drywall joints appear to be cracking and are otherwise defective and not in accordance with the design plans and specifications. On information and belief, the alleged defective frame work on the property was performed by Loan Oak Construction, as the sub-contractor to Empire.

14. Plaintiff further alleges that insulation was not properly installed in walls and ceilings in a good and workmanlike manner. On information and belief, the alleged defective insulation work on the property was performed by Superior Insulation, as the sub-contractor to Empire.

**COUNT I - COMMON LAW INDEMNITY - NV CONSTRUCTION**

15. Paragraphs 1 through 14 are incorporated herein by reference.

16. Although Empire denies liability to the Plaintiff based on the allegations asserted against Empire in the Complaint, in the event that the fact finder holds Empire liable with respect

to the work at Plaintiff's Property, NV Construction is liable to Empire for all damages assessed that arose from the work performed by NV Construction.

17. Therefore, Empire is entitled to complete indemnity by and from NV Construction to the extent that Empire is held liable for damages or alleged defective construction work caused by NV Construction's actions, omissions, and/or inactions.

**COUNT II - COMMON LAW INDEMNITY - BIGFORD ENTERPRISES**

18. Paragraphs 1 through 17 are incorporated herein by reference.

19. Although Empire denies liability to the Plaintiff based on the allegations asserted against Empire in the Complaint, in the event that the fact finder holds Empire liable with respect to the work at Plaintiff's Property, Bigford Enterprises is liable to Empire for all damages assessed that arose from the work performed by Bigford Enterprises.

20. Therefore, Empire is entitled to complete indemnity by and from Bigford Enterprises to the extent that Empire is held liable for damages or alleged defective construction work caused by Bigford Enterprise's actions, omissions, and/or inactions.

**COUNT III - COMMON LAW INDEMNITY - LOAN OAK CONSTRUCTION**

21. Paragraphs 1 through 20 are incorporated herein by reference.

22. Although Empire denies liability to the Plaintiff based on the allegations asserted against Empire in the Complaint, in the event that the fact finder holds Empire liable with respect to the work at Plaintiff's Property, Loan Oak Construction is liable to Empire for all damages assessed that arose from the work performed by Loan Oak Construction.

23. Therefore, Empire is entitled to complete indemnity by and from Loan Oak Construction to the extent that Empire is held liable for damages or alleged defective construction work caused by Loan Oak Construction's actions, omissions, and/or inactions.

**COUNT IV - COMMON LAW INDEMNITY - SUPERIOR INSULATION**

24. Paragraphs 1 through 23 are incorporated herein by reference.

25. Although Empire denies liability to the Plaintiff based on the allegations asserted against Empire in the Complaint, in the event that the fact finder holds Empire liable with respect to the work at Plaintiff's Property, Superior Insulation is liable to Empire for all damages assessed that arose from the work performed by Superior Insulation.

26. Therefore, Empire is entitled to complete indemnity by and from Bigford Enterprises to the extent that Empire is held liable for damages or alleged defective construction work caused by Bigford Enterprise's actions, omissions, and/or inactions.

**COUNT V - NEGLIGENCE - NV CONSTRUCTION**

27. Paragraphs 1 through 26 are incorporated herein by reference.

28. NV Construction was under a duty to perform its work at the Property in a good and workmanlike manner, free from negligence and defects, and consistent with all applicable standards of care. If and to the extent that Empire is held liable for any damages allegedly suffered by the Plaintiff arising out of or relating to NV Construction's work on the Property, such liability would be attributable to a breach by NV Construction of its duty. Any damages incurred by Empire arising out of or relating to NV Construction's work on the Property would be directly and proximately caused by NV Construction's breach of its duty.

29. To the extent that there are defects in the work performed on the Property by NV Construction, as alleged by Plaintiff, then NV Construction is the party responsible for such negligent work. As a direct and proximate result of this alleged negligence, to the extent established by Plaintiff, Empire has suffered and will continue to suffer damages, costs, fees and expenses for which NV Construction is responsible.

**COUNT VI - NEGLIGENCE - BIGFORD ENTERPRISES**

30. Paragraphs 1 through 29 are incorporated herein by reference.

31. Bigford Enterprises was under a duty to perform its work at the Property in a good and workmanlike manner, free from negligence and defects, and consistent with all applicable

standards of care. If and to the extent that Empire is held liable for any damages allegedly suffered by the Plaintiff arising out of or relating to Bigford Enterprise's work on the Property, such liability would be attributable to a breach by Bigford Enterprise of its duty. Any damages incurred by Empire arising out of or relating to Bigford Enterprise's work on the Property would be directly and proximately caused by Bigford Enterprise's breach of its duty.

32. To the extent that there are defects in the work performed on the Property by Bigford Enterprise, as alleged by Plaintiff, then Bigford Enterprise is the party responsible for such negligent work. As a direct and proximate result of this alleged negligence, to the extent established by Plaintiff, Empire has suffered and will continue to suffer damages, costs, fees and expenses for which Bigford Enterprise is responsible.

**COUNT VII - NEGLIGENCE - LOAN OAK CONSTRUCTION**

33. Paragraphs 1 through 32 are incorporated herein by reference.

34. Loan Oak Construction was under a duty to perform its work at the Property in a good and workmanlike manner, free from negligence and defects, and consistent with all applicable standards of care. If and to the extent that Empire is held liable for any damages allegedly suffered by the Plaintiff arising out of or relating to Loan Oak Construction's work on the Property, such liability would be attributable to a breach by Loan Oak Construction of its duty. Any damages incurred by Empire arising out of or relating to Loan Oak Construction's work on the Property would be directly and proximately caused by Loan Oak Construction's breach of its duty.

35. To the extent that there are defects in the work performed on the Property by Loan Oak Construction, as alleged by Plaintiff, then Loan Oak Construction is the party responsible for such negligent work. As a direct and proximate result of this alleged negligence, to the extent established by Plaintiff, Empire has suffered and will continue to suffer damages, costs, fees and expenses for which Loan Oak Construction is responsible.

**COUNT VIII - NEGLIGENCE - SUPERIOR INSULATION**

36. Paragraphs 1 through 35 are incorporated herein by reference.

37. Super Insulation was under a duty to perform its work at the Property in a good and workmanlike manner, free from negligence and defects, and consistent with all applicable standards of care. If and to the extent that Empire is held liable for any damages allegedly suffered by the Plaintiff arising out of or relating to Super Insulation's work on the Property, such liability would be attributable to a breach by Superior Insulation of its duty. Any damages incurred by Empire arising out of or relating to Superior Insulation's work on the Property would be directly and proximately caused by Superior Insulation's breach of its duty.

38. To the extent that there are defects in the work performed on the Property by Superior Insulation, as alleged by Plaintiff, then Superior Insulation is the party responsible for such negligent work. As a direct and proximate result of this alleged negligence, to the extent established by Plaintiff, Empire has suffered and will continue to suffer damages, costs, fees and expenses for which Superior Insulation is responsible.

**COUNT IX - BREACH OF CONTRACT - NV CONSTRUCTION**

39. Paragraphs 1 through 38 are incorporated herein by reference.

40. Empire entered into a contractual agreement with NV Construction to perform services, including certain work at the Property. In the agreement, NV Construction warranted that its work would be performed in a workmanlike manner in accordance with established trade practices and free from defects.

41. To the extent that there are defects in the work performed on Plaintiff's Property by NV Construction, which is denied by Empire, then such defective work constitutes a breach of the contract between Empire and NV Construction. NV Construction's breach has directly and proximately caused Empire damages, costs, fees and expenses.

**COUNT X - BREACH OF CONTRACT - BIGFORD ENTERPRISE**

42. Paragraphs 1 through 41 are incorporated herein by reference.

43. Empire entered into a contractual agreement with Bigford Enterprise to perform services, including certain work at the Property. In the agreement, Bigford Enterprise warranted

that its work would be performed in a workmanlike manner in accordance with established trade practices and free from defects.

44. To the extent that there are defects in the work performed on Plaintiff's Property by Bigford Enterprise, which is denied by Empire, then such defective work constitutes a breach of the contract between Empire and Bigford Enterprise. Bigford Enterprise's breach has directly and proximately caused Empire damages, costs, fees and expenses.

**COUNT XI - BREACH OF CONTRACT - LOAN OAK CONSTRUCTION**

45. Paragraphs 1 through 44 are incorporated herein by reference.

46. Empire entered into a contractual agreement with Loan Oak Construction to perform services, including certain work at the Property. In the agreement, Loan Oak Construction warranted that its work would be performed in a workmanlike manner in accordance with established trade practices and free from defects.

47. To the extent that there are defects in the work performed on Plaintiff's Property by Loan Oak Construction, which is denied by Empire, then such defective work constitutes a breach of the contract between Empire and Loan Oak Construction. Loan Oak Construction's breach has directly and proximately caused Empire damages, costs, fees and expenses.

**COUNT XII - BREACH OF CONTRACT - SUPERIOR INSULATION**

48. Paragraphs 1 through 47 are incorporated herein by reference.

49. Empire entered into a contractual agreement with Superior Insulation to perform services, including certain work at the Property. In the agreement, Superior Insulation warranted that its work would be performed in a workmanlike manner in accordance with established trade practices and free from defects.

50. To the extent that there are defects in the work performed on Plaintiff's Property by Superior Insulation, which is denied by Empire, then such defective work constitutes a breach of the contract between Empire and Superior Insulation. Superior Insulation's breach has directly and proximately caused Empire damages, costs, fees and expenses.

**COUNT XIII - CONTRACTUAL INDEMNITY - NV CONSTRUCTION**

51. Paragraphs 1 through 50 are incorporated herein by reference.

52. The contract between Empire and NV Construction contains an indemnification clause which requires NV Construction to indemnify and hold harmless Empire and its agents/employees from and against claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from performance of NV Construction's work under the sub-contract.

53. Although Empire denies liability to the Plaintiff based on the allegations asserted against Empire in the Complaint, in the event that the fact finder holds Empire liable for any damages related to the work at Plaintiff's Property performed by NV Construction, then NV Construction is liable to Empire to the same extent. Therefore, Empire is entitled to complete indemnity by NV Construction on account of NV Construction's actions, omissions and/or inactions associated with the alleged defects in the construction work performed by Plaintiff's Property.

54. Empire hereby demands that NV Construction defend and indemnify Empire from and against the claims asserted by Plaintiff that arise from or relate to the work performed by NV Construction on the Plaintiff's Property.

55. Empire has incurred, and will continue to incur, extensive costs, fees, losses, and expenses in connection with defending against Plaintiff's claims arising from work performed by NV Construction. Accordingly, Empire seeks reimbursement and recovery from NV Construction for all such costs, fees, losses, and expenses incurred by Empire in connection with defending against Plaintiff's claims.

56. Additionally, Empire seeks reimbursement and recovery from NV Construction for all costs, fees, losses, and expenses incurred by Empire in connection with pursuing these third-party claims, including but not limited to attorneys' fees and expert fees.

**COUNT XIV - CONTRACTUAL INDEMNITY - BIGFORD ENTERPRISE**

57. Paragraphs 1 through 56 are incorporated herein by reference.

58. The contract between Empire and Bigford Enterprise contains an indemnification clause which requires Bigford Enterprise to indemnify and hold harmless Empire and its agents/employees from and against claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from performance of Bigford Enterprise's work under the sub-contract.

59. Although Empire denies liability to the Plaintiff based on the allegations asserted against Empire in the Complaint, in the event that the fact finder holds Empire liable for any damages related to the work at Plaintiff's Property performed by Bigford Enterprise, then Bigford Enterprise is liable to Empire to the same extent. Therefore, Empire is entitled to complete indemnity by Bigford Enterprise on account of Bigford Enterprise's actions, omissions and/or inactions associated with the alleged defects in the construction work performed by Plaintiff's Property.

60. Empire hereby demands that Bigford Enterprise defend and indemnify Empire from and against the claims asserted by Plaintiff that arise from or relate to the work performed by Bigford Enterprise on the Plaintiff's Property.

61. Empire has incurred, and will continue to incur, extensive costs, fees, losses, and expenses in connection with defending against Plaintiff's claims arising from work performed by Bigford Enterprise. Accordingly, Empire seeks reimbursement and recovery from Bigford Enterprise for all such costs, fees, losses, and expenses incurred by Empire in connection with defending against Plaintiff's claims.

62. Additionally, Empire seeks reimbursement and recovery from Bigford Enterprise for all costs, fees, losses, and expenses incurred by Empire in connection with pursuing these third-party claims, including but not limited to attorneys' fees and expert fees.

**COUNT XV - CONTRACTUAL INDEMNITY - LOAN OAK CONSTRUCTION**

63. Paragraphs 1 through 62 are incorporated herein by reference.

64. The contract between Empire and Loan Oak Construction contains an

indemnification clause which requires Loan Oak Construction to indemnify and hold harmless Empire and its agents/employees from and against claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from performance of Loan Oak Construction's work under the sub-contract.

65. Although Empire denies liability to the Plaintiff based on the allegations asserted against Empire in the Complaint, in the event that the fact finder holds Empire liable for any damages related to the work at Plaintiff's Property performed by Loan Oak Construction, then Loan Oak Construction is liable to Empire to the same extent. Therefore, Empire is entitled to complete indemnity by Loan Oak Construction on account of Loan Oak Construction's actions, omissions and/or inactions associated with the alleged defects in the construction work performed by Plaintiff's Property.

66. Empire hereby demands that Loan Oak Construction defend and indemnify Empire from and against the claims asserted by Plaintiff that arise from or relate to the work performed by Loan Oak Construction on the Plaintiff's Property.

67. Empire has incurred, and will continue to incur, extensive costs, fees, losses, and expenses in connection with defending against Plaintiff's claims arising from work performed by Loan Oak Construction. Accordingly, Empire seeks reimbursement and recovery from Loan Oak Construction for all such costs, fees, losses, and expenses incurred by Empire in connection with defending against Plaintiff's claims.

68. Additionally, Empire seeks reimbursement and recovery from Loan Oak Construction for all costs, fees, losses, and expenses incurred by Empire in connection with pursuing these third-party claims, including but not limited to attorneys' fees and expert fees.

**COUNT XVI - CONTRACTUAL INDEMNITY - SUPERIOR INSULATION**

69. Paragraphs 1 through 68 are incorporated herein by reference.

70. The contract between Empire and Superior Insulation contains an indemnification clause which requires Superior Insulation to indemnify and hold harmless Empire and its

agents/employees from and against claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from performance of Superior Insulation's work under the sub-contract.

71. Although Empire denies liability to the Plaintiff based on the allegations asserted against Empire in the Complaint, in the event that the fact finder holds Empire liable for any damages related to the work at Plaintiff's Property performed by Superior Insulation, then Superior Insulation is liable to Empire to the same extent. Therefore, Empire is entitled to complete indemnity by Superior Insulation on account of Superior Insulation's actions, omissions and/or inactions associated with the alleged defects in the construction work performed by Plaintiff's Property.

72. Empire hereby demands that Superior Insulation defend and indemnify Empire from and against the claims asserted by Plaintiff that arise from or relate to the work performed by Superior Insulation on the Plaintiff's Property.

73. Empire has incurred, and will continue to incur, extensive costs, fees, losses, and expenses in connection with defending against Plaintiff's claims arising from work performed by Superior Insulation. Accordingly, Empire seeks reimbursement and recovery from Superior Insulation for all such costs, fees, losses, and expenses incurred by Empire in connection with defending against Plaintiff's claims.

74. Additionally, Empire seeks reimbursement and recovery from Superior Insulation for all costs, fees, losses, and expenses incurred by Empire in connection with pursuing these third-party claims, including but not limited to attorneys' fees and expert fees.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Empire demands entry of a judgment in its favor against NV Construction, Bigford Enterprise, Loan Oak Construction and Development Inc. and Superior Insulation of the Gulf Coast, LLC on each of the separate claims set forth against them above, including an award of all costs, expenses, and attorneys' fees incurred by Empire in connection with this action. Empire

also demands any further or additional relief that the court deems just and proper.

Respectfully submitted this the 14th day of May, 2019.

**EMPIRE CORPORATION OF TENNESSEE, INC.**

***/s/ Leah N. Ledford***
**LEAH N. LEDFORD**

**OF COUNSEL:**

***Leah N. Ledford (MSB # 101394)***
***SCOTT, SULLIVAN, STREETMAN & FOX, P.C.***
730 Avignon Drive, Suite 103
Ridgeland, Mississippi 39157
Post Office Box 13847
Jackson, Mississippi 39236-3847
Telephone No. (601) 607-4800
Facsimile No. (601) 607-4801
lledford@sssf-ms.com

## CERTIFICATE OF SERVICE

I, Leah N. Ledford, one of the counsel of record for the Defendant, Empire Corporation of Tennessee, Inc., do hereby certify that I have this date caused to be delivered, **via electronic filing,** a true and correct copy of the above and foregoing to the following:

Cody C. Bailey, Esq.
Brunini, Grantham, Grower & Hewes, PLLC
P.O. Drawer 119
Jackson, Mississippi 39205
*Attorney for Plaintiff*

Patrick Patronas, Esq.
Lloyd, Gray, Whitehead & Monroe, P.C.
880 Montclair Road, Ste. 100
Birmingham, AL 35213
*Attorneys for LRK, Inc. and Michael T. Sullivan*

THIS the 14th day of May, 2019.

***/s/ Leah N. Ledford***
**LEAH N. LEDFORD**