# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**VILLAGE AT THE BEVERLY, LLC**                                                       **PLAINTIFF**

v.                                                      CIVIL ACTION NO. 2:19-cv-55-KS-MTP

**EMPIRE CORPORATION OF TENNESSEE, INC, ET AL.**                    **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on the Motion to Intervene [44] filed by Hallmark Specialty Insurance Company ("Hallmark"). Having considered the parties' submissions and the applicable law, the Court finds that the Motion [44] should be granted.

## BACKGROUND

On February 20, 2019, Plaintiff Village at the Beverly, LLC ("Village") filed this action[1] against Empire Corporation of Tennessee, Inc. ("Empire"), LRK Inc, and Michael Sullivan, asserting multiple claims arising from alleged construction defects in a multifamily housing complex owned by Village. Empire was the general contractor, and Michael Sullivan was the architect, who performed services on behalf of LRK Inc. Empire asserted third-party claims against multiple subcontractors that performed work on the complex, including NV Construction LLC ("NV"), Bigford Enterprises, Inc. ("Bigford"), Loan Oak Construction and Development, Inc. ("Loan Oak"), and Superior Insulation of the Gulf Coast, LLC ("Superior"). *See* Answers [8] [17].

Village's claims against Empire, LRK Inc., and Sullivan are subject to an arbitration provision, but Empire's claims against the subcontractors are not. Thus, on June 18, 2019, the

---

[1] Village filed this action in the Circuit Court of Forrest County, Mississippi, and the action was removed to this Court on April 10, 2019.

1

Court ordered that Village's claims be arbitrated and stayed Empire's claims against the subcontractors. *See* Order [28].  Village prevailed during arbitration, and on February 9, 2021, the Court dismissed Village's claims against Empire, LRK Inc., and Sullivan. *See* Order [37].  Empire informed the Court that it had reached settlements with the subcontractors, and the Court extended the stay of this case until April 13, 2021, to allow the parties to finalize the terms of their settlements. *See* Order [40].

Thereafter, two of the subcontractors, Superior and Loan Oak, filed Motions [41] [49] seeking to enforce settlement agreements that they allegedly reached with Empire.  In its Responses [53] [56] to these Motions [41] [49], Empire asserts that it reached tentative agreements with these subcontractors, but because an insurer, Hallmark Specialty Insurance Company ("Hallmark"), paid the costs incurred by Empire defending against Village's claims, Empire can no longer release the claims for defense costs against the subcontractors as a component of its settlements with the subcontractors.

On April 14, 2021, Hallmark filed the instant Motion [44], seeking to intervene in this action pursuant to Fed. R. Civ. P. 24.  Hallmark explains that it is the general liability insurer for one of the subcontractors, Bigford.  According to Hallmark, Empire qualified as an additional insured under Hallmark's policy with Bigford, which required Hallmark to pay Empire's defense costs.  In March of 2021, Hallmark paid $159,064.60 for Empire's defense costs.  Hallmark argues that it is contractually subrogated to any claim in favor of Empire to the extent of Hallmark's payment for Empire's defense costs.[2]  Hallmark now seeks to intervene in this action in order to recover "the subcontractors' portion(s) of those costs that were owed pursuant to their

---

[2] In its proposed complaint in intervention, Hallmark notes that the insurance policy with its insured states as follows: "If the insured has rights to recover all or part of any payments we have made under this Coverage Part, those rights are transferred to us." *See* [44-1] at 5.

respective contractual agreements with Empire." Two of the subcontractors, Lone Oak and Superior, have filed Responses [48] [51] opposing Hallmark's request to intervene.

Federal Rule of Civil Procedure 24 provides for two types of intervention: intervention of right pursuant to Rule 24(a) and permissive intervention pursuant to Rule 24(b). Rule 24(a) provides as follows:

> On timely motion, the court must permit anyone to intervene who:
>
> …
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). The Fifth Circuit has stated that to intervene of right a movant must establish the following:

> (1) The application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Taylor Commc'ns Grp., Inc. v. Southwestern Bell Tel. Co.*, 172 F.3d 385, 387 (5th Cir. 1999). A movant's "[f]ailure to meet any one of these requirements is fatal to a claim of intervention as of right." *Id.*

The Fifth Circuit has announced factors a court should consider in determining whether a motion to intervene is timely:

> (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it sought to intervene; (2) the prejudice that existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) whether unusual circumstances militate for or against a determination that the application is

3

timely. There are no absolute measures of timeliness; it is determined from all the circumstances.

*Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 422 (5th Cir. 2002).

In its Response [51], Superior argues that Hallmark's Motion [44] is untimely because Superior did not know of Hallmark's alleged interest in Empire's claims until after Superior and Empire reached a settlement agreement. Hallmark counters by explaining that Empire did not provide Hallmark an invoice for the defense costs until January of 2021. Hallmark asserts that it did not have a right to intervene until the cost of defense payment was requested and paid. Hallmark notes that it filed the instant Motion [44] less than 30 days after it paid Empire's cost of defense. Additionally, the Court notes that Hallmark's Motion [44] was filed only a day after the stay of this case was lifted.

The Court does not discern any cognizable prejudice to the existing parties as a result of the timing of the intervention. Superior complains that it had reached a settlement with Empire before Hallmark sought to intervene, but Empire disputes that it reached an enforceable settlement with the subcontractors and that issue is pending before the Court. Considering the appropriate factors, the Court finds that the Motion to Intervene [44] is timely.

To meet the second requirement, Hallmark must show that it has a "direct substantial, legally protectable interest in the proceedings." *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970). The interest asserted by Hallmark must be "one which the *substantive* law recognizes as belonging to or being owned by the applicant." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71 (5th Cir. 1984). The asserted interest is insufficient if it is "too contingent, speculative, or remote from the subject of the case." *Bear Ranch, LLC v. Heartbrand Beef, Inc.*, 286 F.R.D. 313, 316 (S.D. Tex. 2012).

Hallmark notes that Empire, in its third-party claims, sought recovery of "all costs, expenses, and attorneys' fees" it incurred from the subcontractors. Hallmark argues that because it paid those costs, expenses, and attorneys' fees, it may step into Empire's shoes through contractual subrogation.

The subcontractors do not argue that contractual subrogation is not recognized by substantive law. Instead, they argue that Hallmark has not enforceable legal interest in this matter because Hallmark's payment of Empire's defense costs was voluntary. The subcontractors point out that, under Mississippi law, an insurer is barred from seeking indemnity for a voluntary payment. For its part, Hallmark argues that its payment of Empire's defense cost was not voluntary, but contractually obligated. The Court, however, need not decide the ultimate merits of Hallmark's claims in order to determine whether Hallmark has an interest relating to the property or transaction which is the subject of the action. *See Oneida Indian Nation v. New York*, 732 F.2d 261, 265 (2d Cir. 1984) ("An application for intervention cannot be resolved by reference to the ultimate merits of the claim the intervenor seeks to assert unless the allegations are frivolous on their face."). Thus, the Court finds that Hallmark has an interest in this matter.

The subcontractors also argue that even if Hallmark has an interest in this matter, its dispute is with Empire, not the subcontractors, because Empire and the subcontractors have reached settlement agreements. As previously mentioned, however, Empire disputes that it reached enforceable settlements with the subcontractors and that issue is pending before the Court. The subcontractors do not explain how the pendency of that issue in this Court deprives Hallmark of its interest in this matter.

For the third requirement, courts consider the "extent of the prejudice the would-be intervenor would suffer if its petition for leave to intervene were denied." *Sierra Club v. Espy*, 18

F.3d 1202, 1206 (5th Cir. 1994). Hallmark argues that it cannot protect its interests unless it is allowed to intervene in this case and points out that subcontractors are currently seeking to enforce settlement agreements that purport to release the claims against the subcontractors for defense costs. The Court agrees that disposition of the action may impair Hallmark's ability to protect its interests.

For the final requirement, Hallmark must show that its interest is not adequately represented by the existing parties to the suit. Hallmark need only show "that representation of [its] interest may be inadequate; and the burden of making that showing should be treated as minimal." *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996). No party suggests that Hallmark's interest will be adequately represented by existing parties. According to Hallmark, counsel for Empire has stated that, unless Hallmark intervenes, Empire will execute settlements with the subcontractors which will jeopardize Hallmark's right to recover against the subcontractors. The Court finds that Hallmark's interest may not be adequately represented by the existing parties. *See Campos v. Crescent Towing & Salvage Co., Inc.*, 2002 WL 31556349, at *5 (E.D. La. Nov. 15, 2002).

Having found that Hallmark has met the requirements for intervention under Rule 24(a), the Court finds that Hallmark is entitled to intervene as a matter of right.

Additionally, the Court would allow Hallmark to intervene pursuant to Rule 24(b), which provides that "[o]n timely motion, the court may permit anyone to intervene who: … has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is discretionary with the court. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71 (5th Cir. 1984). "In exercising its

6

discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Hallmark's claims through contractual subrogation share with the main action a common question of law and fact, and the Court finds that Hallmark's intervention will not unduly delay or prejudice the adjudication of the original parties' rights.

IT IS, THEREFORE, ORDERED that:

1. The Motion to Intervene [44] is GRANTED.

2. Hallmark Specialty Insurance Company shall file its "Complaint in Intervention" on or before May 24, 2021.

SO ORDERED this the 17th day of May, 2021.

                                              s/Michael T. Parker
                                              UNITED STATES MAGISTRATE JUDGE