IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| VILLAGE AT THE BEVERLY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>EMPIRE CORPORATION OF TENNESSEE, INC. LRK, INC., AND MICHAEL T. SULLIVAN,<br><br>Defendants. | § | |
| EMPIRE CORPORATION OF TENNESSEE, INC.<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>NV CONSTRUCTION LLC, BIGFORD ENTERPRISES, LLC, LONE OAK CONSTRUCTION AND DEVELOPMENT, INC., AND SUPERIOR INSULATION OF THE GULF COAST, LLC<br><br>Third-Party Defendants. | § | Case No. 2:19-cv-55-KS-MTP |
| HALLMARK SPECIALTY INSURANCE COMPANY A/S/O EMPIRE CORPORATION OF TENNESSEE, INC.<br><br>Intervenor Plaintiff,<br><br>vs.<br><br>NV CONSTRUCTION LLC, LONE OAK CONSTRUCTION AND DEVELOPMENT, INC., SUPERIOR INSULATION OF THE GULF COAST, LLC, AND R&R MECHANICAL, INC.<br><br>Defendants in Intervention. | § | |

**COMPLAINT IN INTERVENTION OF HALLMARK INSURANCE COMPANY**

COMES NOW Intervenor Plaintiff HALLMARK SPECIALTY INSURANCE COMPANY ("Hallmark"), through its attorneys, and states as follows for its Complaint in Intervention against Defendants NV CONSTRUCTION LLC, LONE OAK CONSTRUCTION AND DEVELOPMENT, INC., SUPERIOR INSULATION OF THE GULF COAST, LLC and R&R MECHANICAL, INC:

## I. PARTIES AND JURISDICTION

1. Intervenor Plaintiff Hallmark is an Oklahoma corporation with its principal place of business in Texas.

2. Defendant NV Construction ("NV") is a Virginia limited liability company. Upon information and belief none of its members are citizens of Oklahoma or Texas. NV has appeared in this action and may be served through counsel.

3. Defendant Lone Oak Construction and Development, Inc. ("Lone Oak") is a Mississippi corporation with its principal place of business in Ridgeland, Mississippi. Lone Oak is not a citizen of Oklahoma or Texas. Lone Oak has appeared in this action and may be served through counsel.

4. Defendant Superior Insulation of the Gulf Coast, LLC ("Superior") is a Mississippi limited liability company. Upon information and believe none of its members are citizens of Oklahoma or Texas. Superior has appeared in this action and may be served through counsel.

5. Defendant R&R Mechanical, Inc. ("R&R") is a Mississippi corporation with its principal place of business in Madison, Mississippi. R&R is not a citizen of Oklahoma or Texas. R&R may be served with process through its registered agent, Peter M. Nicholson at 544 Julienne St., Jackson, Mississippi 39204.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §1332. The parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) as at least one defendant resides in this judicial district. Venue is also proper in this Court under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## III. FACTUAL BACKGROUND

8. Village at the Beverly, LLC ("VATB") is the owner of a 52-unit, multifamily housing complex located in Hattiesburg Mississippi (the "Project"). The Project was constructed by general contractor Empire Corporation of Tennessee, Inc. ("Empire), and subcontractors NV, Lone Oak, Superior, R&R, and Hallmark's insured, Bigford Enterprises, Inc. ("Bigford").

9. VATB filed this suit on February 20, 2019 alleging the damage to the Project and resulting damage caused by various construction defects, including but not limited to failure to properly install insulation, failure to properly install corridor walls and ceilings causing cracked drywall, and use of improper paint, causing paint peeling and cracking.[1] Empire filed a Third-Party Complaint naming various subcontractors involved in the project, including Bigford, Hallmark's insured.

10. VATB's claims against Empire and LRK were subject to an arbitration provision, and those claims were separately arbitrated, while the Court stayed the third-party subcontractor claims in this matter. The arbitration has now been completed, and the stay in this matter was lifted

---

[1] The suit was originally filed in the Circuit Court of Forrest County, Mississippi under Civil Action No. W19-0034, but was subsequently removed to this Court.

as of March 2, 2021. All claims between VATB and Empire/LRK have been resolved via payment of the arbitration award. The only remaining claims in this suit are claims against the subcontractors involved in the Project and implicated by the arbitration award.

11. Hallmark issued numerous consecutive Commercial General Liability policies to Bigford spanning from November 20, 2015 through November 20, 2018. Empire qualified as an additional insured under the Hallmark policies, and Hallmark paid $159,064.60 in defense costs on Empire's behalf. Hallmark now seeks recovery of the Defendants in Interventions' portion(s) of those costs that were owed pursuant to their respective contractual agreements with Empire.

## IV BREACH OF THE SUBCONTRACTS

12. Empire had the same Subcontractor Agreement (the "Subcontracts") with Bigford, NV, Lone Oak, Superior, and R&R. The Subcontracts required those entities to pay for Empire's defense with respect to the VATB suit and subsequent arbitration. The Subcontracts provided as follows (emphasis added):

> **14.** **Subcontractor's Liability**: To the fullest extent permitted by law, **the Subcontractor shall indemnify and hold harmless the Contractor**, the Owner, Architect, Architect's consultants and agents and employees of any of them from and against claims, damages, losses and expenses, **including but not limited to attorney's fees**, arising out of or resulting from performance of the Subcontractor's Work under this Subcontract, provided that any such claim, damage, loss or expense is attributable to bodily injury sickness or death, or to injury to or destruction of tangible property (other than the Work itself), but only to the extent caused by the negligent acts or omissions of the Subcontractor, the Subcontractor's sub-subcontractors, anyone directly or indirectly employed by them or anyone whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder.… Subcontractor's assumption of liability is independent from and not limited in any manner by, the Subcontractor's insurance coverage obtained pursuant to paragraph 17 or otherwise. **All amounts owed by Subcontractor to the Contractor as a result of the liability provisions of this Agreement shall be paid on demand.**

13. Despite the suit filed by VATB implicating their work, and Empire demanding assumption of defense (payment of defense fees) from NV, Lone Oak, Superior, and R&R, only Bigford (through Hallmark) complied with its attorneys' fees obligations under the Subcontract. NV, Lone Oak, Superior, and R&R breached their Subcontracts with Empire by failing to pay for its defense in the arbitration. Each Defendant now sued by Hallmark was adjudged to have caused a portion of the damages in the arbitration award.

14. Due to NV, Lone Oak, Superior and R&R's breach of their respective Subcontracts, Hallmark was forced to pay nearly all attorneys' fees incurred by Empire – a cost that should have been shared by each of the Subcontractors. Hallmark is subrogated to additional insured Empire's rights against those subcontractors under the Hallmark policies, which state in pertinent part:

> **8. Transfer of Rights Of Recovery Against Others to Us**
> If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us.

15. Hallmark is subrogated to Empire's rights to recover defense fees against NV, Lone Oak, Superior and R&R pursuant to the Subcontracts, and thus has a rightful breach of contract action against them.

## V. PRAYER

WHEREFORE, HALLMARK INSURANCE COMPANY respectfully requests this Court render judgment in its favor against NV Construction, LLC, Lone Oak Construction and Development, Inc., Superior Insulation of the Gulf Coast, LLC, and R&R Mechanical, Inc. on the claims set forth above, including an award of all costs, expenses, and attorneys' fees incurred in connection with this action. Hallmark further requests any further or additional relief the Court deems just and proper.

Dated: May 24, 2021

Respectfully submitted:

By: */s/ Lee M. Peacocke*

LEE M. PEACOCKE
LEWIS BRISBOIS BISGAARD & SMITH LLP
MSB Bar No.: 4076
400 Poydras Street, Suite 1300
New Orleans, LA 70130
Telephone: 504.208.3966
Facsimile: 504.754.7569
Lee.Peacocke@lewisbrisbois.com

*Counsel for Intervenor,*
*Hallmark Specialty Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of May, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel:

Cody C. Bailey
Jacob A. Bradley
BRUNINI, GRANTHAM, GROWER
& HEWES, PLLC-Jackson
P. O. Drawer 119
Pinnacle Bldg., Suite 100
190 East Capitol St.
Jackson, MS 39205-0119
*Counsel for Plaintiff, Village At The Beverly, LLC*

Leah Nichols Ledford
TAYLOR, WELLONS, POLITZ
& DUHE, APLC - MADISON
100 Webster Circle, Suite 104
Madison, MS 39110
*Counsel for Third-Party Defendant,*
*Empire Corporation of Tennessee, Inc.*

Roy A. Smith , Jr.
Robert Brantley Adams
DANIEL, COKER, HORTON & BELL - Jackson
P.O. Box 1084
4400 Old Canton Road, Suite 400
Jackson, MS 39215-1084
*Counsel for Third-Party Defendants, NV Construction, LLC and Bigford Enterprises, LLC*

Richard O. Burson
BURSON, ENTREKIN, ORR,
MITCHELL & LACEY, PA
P. O. Box 1289
535 North Fifth Avenue
Laurel, MS 39441-1289
*Counsel for Third-Party Defendant, Lone Oak Construction and Development, Inc.*

Kathryn Breard Platt
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH - Gulfport
2510 14th Street, Suite 910
Gulfport, MS 39501
*Counsel for Third Party Defendant, Superior Insulation of the Gulf Coast, LLC*

*/s/ Lee M. Peacocke*
Lee M. Peacocke