**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**EMPIRE CORPORATION OF TENNESSEE, INC.** **THIRD-PARTY PLAINTIFF**

V. **CAUSE NO.: 2:19-cv-55-KS-MTP**

**NV CONSTRUCTION LLC,**
**BIGFORD ENTERPRISES, INC.,**
**LONE OAK CONSTRUCTION AND**
**DEVELOPMENT, INC. AND SUPERIOR**
**INSULATION OF THE GULF COAST, LLC** **THIRD-PARTY DEFENDANTS**

---

**HALLMARK SPECIALTY INSURANCE**
**COMPANY A/S/O EMPIRE CORPORATION**
**OF TENNESSEE, INC.** **INTERVENOR PLAINTIFF**

V. **CAUSE NO.: 2:19-cv-55-KS-MTP**

**NV CONSTRUCTION LLC,**
**LONE OAK CONSTRUCTION AND**
**DEVELOPMENT, INC. AND SUPERIOR**
**INSULATION OF THE GULF COAST, LLC**
**AND R&R MECHANICAL, INC.** **DEFENDANTS IN INTERVENTION**

---

## EMPIRE CORPORATION OF TENNESSEE, INC.'S SECOND AMENDED THIRD PARTY COMPLAINT

COMES NOW, Defendant/Third-Party Plaintiff, Empire Corporation of Tennessee, Inc. ("Empire"), by and through undersigned counsel and pursuant to Rule 14 of the Mississippi Rules of Civil Procedure, files this Second Amended Third-Party Complaint against NV Construction LLC, Bigford Enterprises, Inc., Lone Oak Construction and Development, Inc. Superior Insulation of the Gulf Coast, LLC, and R&R Mechanical, Inc. (collectively "Third-Party Defendants"), and in support thereof, would show as follows:

## PARTIES

1. Empire is a corporation organized under Tennessee law.

2. NV Construction LLC is a limited liability company formed under Virginia law with a principal office at 2110 Snead Avenue Colonial Heights, VA 23834. NV Construction can be served through its registered agent, Michael L. Norris, at 10019 Chamberlayne Road, Mechanicsville, VA 23116, or wherever he may be found.

3. Bigford Enterprises, Inc. is a corporation formed under North Carolina law with a principal office at 711 N Central Avenue Locust, NC 28097-7134. Bigford Enterprises can be served through its registered agent, Danny Bigford, at the same address, or wherever he may be found.

4. Lone Oak Construction and Development, Inc. is a corporation formed under Mississippi law with its principal office located in Ridgeland, MS. Lone Oak Construction can be served through its registered agent, J. Clint Sumrall, at 125 East Ford Street, Ridgeland, MS 39158, or wherever he may be found.

5. Superior Insulation of the Gulf Coast, LLC is a limited liability company formed under Mississippi law with a principal office at 14410 Creosote Road, Suite B, Gulfport, MS 39503. Superior Insulation can be served through its registered agent, Jay K. Jordan, at 2355 Pass Road, Biloxi, MS 39531, or wherever he may be found.

6. R&R Mechanical, Inc., ("R&R") is a limited liability company formed under Mississippi law with its principal place of business in Madison, Mississippi. R&R can be served through its registered agent, Peter M. Nicholson, 544 Julienne Street, Jackson, Mississippi 39204 or wherever he may be found.

**JURISDICTION AND VENUE**

7. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332 as the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1367 as supplemental jurisdiction exists as to certain parties as the claims are part of the same case or

controversy.

9. Venue is proper is this District because the conduct alleged in this Complaint occurred within this District.

**FACTS**

10. Empire files this Amended Third-Party Complaint out of necessity due to claims made by Village at the Beverly, LLC ("Village") against Empire in connection with certain construction work performed in 2015 and 2016 on Village's business property located at 15 Old Airport Road in Hattiesburg, MS. Said claims were arbitrated in November of 2020 and an Award was issued on December 28, 2020. Empire continues to deny that it is liable for any damages or amounts whatsoever. Empire however asserts that pursuant to the claims made by Village, NV Construction LLC, Bigford Enterprises, Inc., Lone Oak Construction and Development, Inc. Superior Insulation of the Gulf Coast, LLC, and R&R Mechanical, Inc. ("R&R") are in turn liable to Empire for all or part of Village's claims.

11. Empire re-alleges, incorporates and adopts by reference the previous facts and allegations it has made against NV Construction LLC, Bigford Enterprises, Inc., Lone Oak Construction and Development, Inc. and Superior Insulation of the Gulf Coast, LLC.

12. Additionally, Village alleged in its arbitration proceedings that there were issues with the HVAC ductwork leaking. Upon information and belief, the alleged improper installation of the HVAC ductwork was performed by R&R, as the sub-contractor to Empire.

**COUNT I - COMMON LAW INDEMNITY - R&R**

13. Paragraphs 1 through 12 are incorporated herein by reference.

14. Although Empire denies liability to Village based on the allegations asserted against Empire in the Complaint, in the event that the fact finder holds Empire liable with respect to the work at Village's Property, R&R is liable to Empire for all damages assessed that arose from the work performed by R&R.

15. Therefore, Empire is entitled to complete indemnity by and from R&R to the

extent that Empire is held liable for damages or alleged defective construction work caused by R&R's actions, omissions, and/or inactions.

**COUNT II - NEGLIGENCE - R&R**

16. Paragraphs 1 through 15 are incorporated herein by reference.

17. R&R was under a duty to perform its work at the Property in a good and workmanlike manner, free from negligence and defects, and consistent with all applicable standards of care. If and to the extent that Empire is held liable for any damages allegedly suffered by the Village arising out of or relating to R&R's work on the Property, such liability would be attributable to a breach by R&R of its duty. Any damages incurred by Empire arising out of or relating to R&R's work on the Property would be directly and proximately caused by R&R's breach of its duty.

18. To the extent that there are defects in the work performed on the Property by R&R, as alleged by Village, then R&R is the party responsible for such negligent work. As a direct and proximate result of this alleged negligence, to the extent established by Village, Empire has suffered and will continue to suffer damages, costs, fees and expenses for which R&R is responsible.

**COUNT III - BREACH OF CONTRACT - R&R**

19. Paragraphs 1 through 18 are incorporated herein by reference.

20. Empire entered into a contractual agreement with R&R to perform services, including certain work at the Property. In the agreement, R&R warranted that its work would be performed in a workmanlike manner in accordance with established trade practices and free from defects.

21. To the extent that there are defects in the work performed on Village's Property by R&R, which is denied by Empire, then such defective work constitutes a breach of the contract between Empire and R&R. R&R's breach has directly and proximately caused Empire damages, costs, fees and expenses.

**COUNT IV - CONTRACTUAL INDEMNITY - R&R**

22. Paragraphs 1 through 21 are incorporated herein by reference.

23. The contract between Empire and R&R contains an indemnification clause which requires R&R to indemnify and hold harmless Empire and its agents/employees from and against claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from performance of R&R's work under the sub-contract.

24. Although Empire denies liability to Village based on the allegations asserted against Empire in the Complaint, in the event that the fact finder holds Empire liable for any damages related to the work at Village's Property performed by R&R, then R&R is liable to Empire to the same extent. Therefore, Empire is entitled to complete indemnity by R&R on account of R&R's actions, omissions and/or inactions associated with the alleged defects in the construction work performed by Village's Property.

25. Empire hereby demands that R&R defend and indemnify Empire from and against the claims asserted by Village that arise from or relate to the work performed by R&R on the Village's Property.

26. Empire has incurred, and will continue to incur, extensive costs, fees, losses, and expenses in connection with defending against Village's claims arising from work performed by R&R. Accordingly, Empire seeks reimbursement and recovery from R&R for all such costs, fees, losses, and expenses incurred by Empire in connection with defending against Village's claims.

27. Additionally, Empire seeks reimbursement and recovery from R&R for all costs, fees, losses, and expenses incurred by Empire in connection with pursuing these third-party claims, including but not limited to attorneys' fees and expert fees.

**DEMAND FOR JUDGMENT**

**WHEREFORE**, Empire demands entry of a judgment in its favor against R&R Mechanical, Inc. on each of the separate claims set forth against them above, including an award

of all costs, expenses, and attorneys' fees incurred by Empire in connection with this action. Empire also demands any further or additional relief that the court deems just and proper.

Respectfully submitted this the 18th day of October, 2021.

**EMPIRE CORPORATION OF TENNESSEE, INC.**

*/s/Leah N. Ledford*
**LEAH N. LEDFORD**

**Of Counsel:**

**Leah N. Ledford, Esq. (MSB# 101394)**
**TAYLOR WELLONS POLITZ & DUHE, APLC**
P.O. Box 550
Madison, MS 39130
P: 769-300-2988
F: 769-300-2154
lledford@twpdlaw.com

## CERTIFICATE OF SERVICE

I, Leah N. Ledford, one of the counsel of record for the Defendant, Empire Corporation of Tennessee, Inc., do hereby certify that I have this date caused to be delivered, **via electronic filing,** a true and correct copy of the above and foregoing to counsel of record.

THIS the 18th day of October, 2021.

*/s/ Leah N. Ledford*
**LEAH N. LEDFORD**